IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY SMITH, | : | |
| Plaintiff | : | Civil No. 3:15-cv-00286 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| DAVID J. EBBERT, *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

## I.    **Background**

Plaintiff, Jeremy Smith, an inmate currently confined at the United States

Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), commenced this *Bivens*[1], 28

U.S.C. § 1331, civil rights action on February 10, 2015. (Doc. 1).  The named Defendants

are David J. Ebbert, warden at USP-Lewisburg, and Kevin Pigos, medical director at USP-

Lewisburg. (*Id.*).  Plaintiff alleges that Defendants denied him medications in violation of the

Eighth Amendment. (*Id.* at p. 2)

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b) or for summary judgment pursuant to Federal Rule of Civil Procedure 56 filed on

behalf of the Defendants. (Doc. 12).  By Order dated December 22, 2015, Plaintiff was

directed to file a brief in opposition to Defendants' motion. (Doc. 20).  The Order warned

---

[1]    *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
*Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an
award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478,
504 (1978).

Plaintiff that failure to file his opposition within the required time would result in the motion being deemed unopposed, and the facts set forth in Defendants' statement of material facts being deemed admitted. (*Id.*). Plaintiff failed to file an opposition brief and failed to file a responsive statement of material facts. Accordingly, the motion will be deemed ripe for disposition and, for the reasons set forth below, will be granted.

## II.   **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

2

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must

permit a curative amendment unless such an amendment would be inequitable or futile."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment

3

would be inequitable or futile, the court must inform the plaintiff that he or she
has leave to amend the complaint within a set period of time.

*Id.*

## III. Allegations of the Complaint

Plaintiff alleges that he presented to the psychology department at USP-Lewisburg
and requested mental health treatment and transfer to a medical center. (Doc. 1, p. 2). He
further alleges that he requested his anti-psychotic and depression medications, and to be
placed on prescription pain medication. (*Id.*). Plaintiff claims that Defendant Pigos refused
to reinstate his medications, and denied him "any and all medication requests". (*Id.*).

For relief, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive
damages, and costs of the suit. (*Id.* at p. 3).

## IV. Discussion

### A. Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action
for a plaintiff's failure to comply with procedural rules or orders of the court. *See* FED. R.
CIV. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v.
Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to
dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in
*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six (6) factors
include:

4

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary; (3) history of dilatoriness; (4) whether the conduct of the party was
> willful or in bad faith; (5) the effectiveness of sanctions; and (6) the
> meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See*

*Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964

F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing an

opposition brief or responsive statement of material facts. *See Colon v. Karnes*, 2012 U.S.

Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is

responsible for his own actions.").

Second, Defendants are prejudiced by Plaintiff's inaction because they "cannot

defend an action that Plaintiff[] do[es] not pursue." *Taliaferro v. Darby Twp. Zoning Bd.*,

2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule

41(b)).

Third, Plaintiff appears to have history of dilatoriness. The instant motion to dismiss

or, in the alternative, for summary judgment, was filed seven (7) months ago. On

December 22, 2015, this Court entered an Order, (Doc. 20), directing Plaintiff to respond,

however he has failed to file an opposition brief or a responsive statement of material facts.

Additionally, Plaintiff never requested an enlargement of time within which to do so. *See*

*Binkley v. Rendell*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (concluding that the

5

plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in *Poulis*).

Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendants' motion or a responsive statement of material facts is willful. *See Crouse v. W. Leb. Twp.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion*, 2012 U.S. Dist. LEXIS 95887, *7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Lastly, it is unlikely that Plaintiff's claims will succeed against the Defendants as he has failed to exhaust his administrative remedies prior to filing the instant action. *See Pozoic v. Cumberland County Prison*, 2012 U.S. Dist. LEXIS 4202, *9 (M.D. Pa. 2012) (in analyzing the sixth *Poulis* factor, this Court stated that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative

remedies before bringing his claim.  The complaint was dismissed pursuant to Rule 41(b)),

*citing Smith v. Pa. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 113542, *28 (W.D. Pa. 2011)

("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the

available remedies.").

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for

failure to prosecute.  The Court has nonetheless considered Defendants' arguments and

finds that Plaintiff failed to exhaust his administrative remedies prior to filing suit.  Therefore,

Defendants' motion will be granted.

### B.    Motion to Dismiss

Defendants seek dismissal of the complaint, or an entry of summary judgment, on

the following grounds: (1) the official-capacity claims are barred by sovereign immunity; (2)

Plaintiff failed to properly exhaust his administrative remedies prior to filing suit; (3)

Defendant Ebbert lacks personal involvement in the alleged constitutional violations and

*respondeat superior* cannot form the basis of a *Bivens* action; and, (4) Plaintiff failed to state

a deliberate indifference claim against Defendant Pigos.  (Doc. 18).  The Court finds that

Defendants' argument regarding failure to exhaust administrative remedies is dispositive of

the motion,[2] thus the alternative arguments need not be addressed.  *See Small v. Camden*

---

[2]    In *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004), the United States Court of Appeals for the
Third Circuit addressed the issue of whether the defendants in *Spruill* properly identified their motion as
one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court noted that "[g]iven that
the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold

County, 728 F.3d 265, 270 (3d Cir. 2010) ("exhaustion is a threshold issue that *courts* must

address to determine whether litigation is being conducted in the right forum at the right

time") (internal citation omitted).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required

to pursue all avenues of relief available within the prison's grievance system before bringing

a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth*

*v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion

requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see*

*also Booth*, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to

grievance procedures "regardless of the relief offered through administrative procedures");

*Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong." *Porter*

*v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA "completely precludes a futility exception to its mandatory exhaustion

---

that we may also consider these without converting it to a motion for summary judgment." *Id.* at 223 (citing
*Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003)). *See also Brown v. Croak*, 312
F.3d 109, 111 (3d Cir. 2002) ("In appropriate cases, failure to exhaust may be raised as the basis for a
motion to dismiss"); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (motions to dismiss may be
pursued on failure to exhaust grounds in certain circumstances). Accordingly, the records submitted by
Defendants in support of their motion to dismiss are indisputably authentic records which may be
considered by this Court without converting the motion to a motion for summary judgment.

requirement." *Nyhuis*, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 92. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure through which inmates can seek formal review of an issue relating to any aspect of his or her confinement. (Doc. 17, ¶ 2, citing 28 C.F.R. § 542.10, *et seq.*). In order to exhaust appeals under the administrative review procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. (Doc. 17, ¶ 3, citing 28 C.F.R. § 542.13(a)). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the warden, within twenty calendar days of the date of the incident. (Doc. 17, ¶ 4, citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director within twenty calendar days. (Doc. 17, ¶ 5, citing 28 C.F.R. § 542.15(a)). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the

BOP's Central Office within thirty calendar days, which office is the final administrative appeal level in the BOP. (Doc. 17, ¶¶ 6, 7, citing 28 C.F.R. § 542.15(a)). No administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. (Doc. 17, ¶ 8, citing 28 C.F.R. § 542, *et seq.*). If an administrative remedy is rejected for a procedural deficiency, the remedy is returned to the inmate and the BOP provides the inmate with a written notice explaining the reason for the rejection. (Doc. 17, ¶ 9, citing 28 C.F.R. § 541.17(b)).

In the ordinary course of business, computerized indices are kept of requests for administrative review filed by inmates. (*Id.* at ¶ 12). A search of BOP records was conducted to determine whether Plaintiff properly exhausted the administrative process as to each of his claims. (*Id.*). This review revealed that Plaintiff "filed twenty-eight administrative remedies between September 1, 2011, and April 15, 2015." (*Id.* at ¶ 12; Doc. 17, Exhibit 1, Declaration of Michael S. Romano, ¶ 4). Twenty-five of the twenty-eight administrative remedies filed between September 1, 2011 through April 15, 2015 were rejected for procedural deficiencies. (Doc. 17, ¶ 13; Romano Decl. ¶ 4).

Of those submissions, Administrative Remedies 722617-A1, 799685-R1, 804330-R1, 804330-R2, 805434-R1, 805434-R2, 809434-R3 and 809498-F1 were related to medical complaints, requests for transfer to a medical facility for the mentally ill, requests for medical or mental health care, and requests for medications. (Doc. 17, ¶ 14; Romano

*Nyhuis*, 204 F.3d at 71 (stating that there is no futility exception to the exhaustion requirement under any circumstances). A prisoner is required to avail himself of the administrative remedies in order to satisfy the mandatory exhaustion requirement of the PLRA. Plaintiff's failure to properly pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims. Accordingly, Defendants' motion to dismiss will be granted based on Plaintiff's failure to properly exhaust the administrative remedy process. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit, including a *Bivens* action").

## V.    Leave to Amend

When a complaint fails to present a prima facie case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal

> If you feel your condition has changed or worsened, please sign up for daily
> sick call to have your concerns appropriately managed by your primary care
> provider.

(Doc. 17, ¶ 41; Doc. 17-1, p. 28).

> The administrative remedy was thereafter denied by the warden as follows:

> A review of your request reveals you are receiving appropriate medical care
> in accordance with your clinical assignments.  You had a sick call encounter
> with a Physician Assistant on March 26, 2015.  During this visit you denied
> suicidal ideation and requested medication for hypertension, psychology, and
> nerve damage.  You voiced no other medical concerns.  You are currently
> scheduled to see the Physician to discuss your concerns.  Medical staff
> members are available daily in your unit.  Psychology is available via routine
> rounds and by copout.  If you feel that your condition has changed or
> worsened, please sign up for daily sick call to have your concerns
> appropriately addressed by your primary care provider.

(Doc. 17, ¶ 42; Doc. 17-1, p. 30).  Plaintiff appealed to the Northeast Regional Office, which

rejected his appeal for procedural deficiencies.  (*Id.* at ¶ 42).  Plaintiff was directed to

resubmit a new appeal in proper form.  (Doc. 17-1, p. 25, Administrative Remedy

Generalized Retrieval).  There is no evidence that Plaintiff resubmitted the appeal or

corrected the deficiencies identified by the Northeast Regional Office.

Plaintiff failed to provide any evidence that he properly exhausted the available

administrative remedies concerning his *Bivens* claims.  Thus, it is evident that Plaintiff failed

to follow the procedural requirements of the BOP.  Moreover, there is no indication or

suggestion that prison officials engaged in any affirmative misconduct such that they

obstructed, hindered, delayed or prevented Plaintiff from pursuing administrative relief.  *See*

12

Decl. ¶ 4). However, Administrative Remedies 722617-A1, 799685-R1, 804330-R1,

804330-R2, 805434-R1, 805434-R2 and 809434-R3 were rejected because they were

submitted to the wrong level. (Doc. 17, ¶¶ 15-39). Specifically, Plaintiff failed to initiate any

of these requests with an administrative remedy filed at the institution. (Id.). Rather,

Plaintiff initiated these requests at either the Northeast Regional Office, or the Central

Office. (Id.). Administrative Remedy 809498-F1 was initiated at the institution level, after

filing the instant action,[3] and was ultimately rejected by the institution. (Id. at ¶¶ 37-39; Doc.

17-1, p. 24, Administrative Remedy Generalized Retrieval). There is no evidence that

Plaintiff ever attempted to resubmit any of these administrative remedies or otherwise

correct the deficiencies therein. (Doc. 17, ¶¶ 14-39).

On March 25, 2015, Plaintiff filed Administrative Remedy 815194-F1 at the institution

regarding his complaints about medical care. (Doc. 17, ¶ 40; Doc. 17-1, p. 25,

Administrative Remedy Generalized Retrieval; Doc. 17-1, p. 27). The informal remedy was

initially denied by a Health Services staff member as follows:

> Mr. Smith, After a careful review of your medical record, I can find no entries
> where you voiced concern over your serious medical needs. ... On several
> occasions, it is documented where you refused appointments with the
> physician and blood pressure check. It appears you are receiving appropriate
> medical care pertaining to your medical condition.

---

[3]    Plaintiff's complaint was signed and dated on February 3, 2015. (Doc. 1, p. 3). Administrative
Remedy 809498-F1 was initiated on February 4, 2015. (Doc. 17-1, p. 24, Administrative Remedy
Generalized Retrieval).

quotations omitted).  Plaintiff has failed to properly exhaust the available administrative remedies.  Thus, the Court concludes that curative amendment would be a futile endeavor.

## VI.  Conclusion

Despite being ordered to respond to Defendants' motion to dismiss or, in the alternative, for summary judgment, Plaintiff failed to respond.  Defendants' motion is therefore deemed unopposed.  Rule 41(b) of the Federal Rules of Civil Procedure allows a Court to dismiss an action for a plaintiff's failure to comply with procedural rules or Orders of the Court.  The Court has nonetheless considered Defendants' arguments and finds that the motion to dismiss should be granted.

An appropriate Order shall issue.

Date: January 25, 2016

Robert D. Mariani
United States District Judge

14